# Straley's Appeal.

*Interest of Heir in Lands descending under Intestate Laws subject to Attachment.—Priority of Attaching Creditor over subsequent Judgment-Creditors of Defendant.*

1. Under the Acts of 13th April 1843, and 10th April 1849, an interest in land descending to a debtor on the death of his father, intestate, may be attached by a creditor under an attachment execution.

2. The attaching creditor, whose attachment was served before the entry of other judgments against the defendant, upon which executions were issued and defendant's interest sold, is entitled to priority of payment out of the proceeds when paid into court for distribution.

3. Where the interest attached had been turned into money and the only question was one of distribution to the prior statutory lien, it is not a valid objection that the attachment proceeding could not be carried out: nor that the precise forms prescribed by the Act of 16th June 1836, so far as they relate to foreign attachment, were not exactly followed, where, from the nature of the case, some were inapplicable, and the proceeding was in reality an execu-

tion upon a judgment entered of record, the operations of which were only extended to an additional subject-matter.

APPEAL from the Common Pleas of *York county*.

This was an appeal by Joseph Straley, administrator of John Straley, deceased, from the decree of the court distributing the proceeds of the sheriff's sale of the interest of George Snodgrass in the real estate of his deceased father, William Snodgrass.

The case was this:—George Snodgrass was largely indebted, and judgments were entered against him in the Court of Common Pleas of York county. His father, William Snodgrass, died intestate on or about the 1st of July 1857, leaving freehold real estate, and also personal property. D. & D. A. Rupp held a judgment against George prior to his father's death, on which they issued an attachment execution on the 6th of July 1857. The writ commanded the sheriff to "levy and attach the goods and chattels, *lands*, debts, legacies, distributive shares, rights, and moneys of George Snodgrass," &c., and also to make known to George Snodgrass, and to Jesse Eppleman, administrator of William Snodgrass, deceased, to appear and show cause why the judgment recited in the writ "should not be levied of the effects of the said George Snodgrass in the hands of Jesse Eppleman, administrator of said William Snodgrass, deceased." The word *lands* was interlined. The sheriff returned that on the 6th of July 1857, he had "attached the defendant by his goods and chattels, moneys, dues, legacies, shares, &c., in the hands of Jesse Eppleman, administrator of William Snodgrass, deceased," and summoned him as garnishee; and had also attached defendant's interest in two tracts of land (describing them). "The names of the parties, with the date of the execution of the writ, and the amount of bail required," was not entered in the judgment docket, nor was any entry made of the execution of the writ on said docket.

On the 8th of July 1857, John Straley, then living, filed in said court two transcripts, which were duly entered on the record, and also in the judgment docket on said day. The amount of the debt, interest, and costs of these transcripts, on 2d January 1858, the date of the sheriff's sale, was $78.78.

On the 9th of July 1857, P. A. & S. Small issued a *fieri facias* on a judgment in their favour against George Snodgrass, and levied upon his estate in the land, formerly of William Snodgrass, deceased, and then in his possession. After inquisition a *venditioni* was issued, upon which the plaintiffs bought the estate of the defendant in the land for the sum of $140, the net amount of which was paid into court for distribution. The court referred the matter to John Gibson as auditor, who awarded the money to D. & D. A. Rupp, on their execution attachment.

[Straley's Appeal.]

To this report the following exceptions were filed for lien-creditors :—

1. The auditor erred in awarding the money to the plaintiffs in the attachment.

2. The auditor should have awarded the money to the judgments, the liens of which attached upon the real estate, after it vested in the defendant, by entry or by execution thereon.

3. The money should have been awarded to the plaintiffs in the transcripts, and in the execution on which the real estate was sold.

The court below (FISHER, P. J.) overruled the exceptions, and confirmed the report. Whereupon this appeal was taken, and the following errors assigned :—

1. The court erred in awarding the money to D. & D. A. Rupp.

2. The court should have awarded the money to Joseph Straley, administrator of John Straley, deceased.

3. The court should have awarded the money to the transcripts, and the execution on which the property was sold, in their order of date.

*John L. Mayer* and *Evans & Mayer*, for appellant.

*H. L. Fisher*, for D. & D. A. Rupp, appellees.

The opinion of the court was delivered, May 29th 1862, by

READ, J.—The express words of the Acts of the 13th April 1843, and 10th April 1849, subject lands devised to any person or persons, and any interest which any person or persons may have in real or personal estate of any decedent, by will or otherwise, to be attached and levied upon in satisfaction of any judgment in the same manner as debts due are made subject to execution by the 22d section of the Act of 16th June 1836, entitled "An Act relating to Executions."

On the 6th July 1857, D. & D. A. Rupp, on a judgment against George Snodgrass, issued an attachment execution, under which the sheriff, on the same day, attached *inter alia* the interest of the defendant in two tracts of land which his father had died seised of, intestate. This was the first lien upon his interest in the real estate of the decedent. On the 8th July 1857, John Straley filed two transcripts which were duly entered, and on the 9th July in the same year, P. A. & S. Small issued a *fieri facias* on a judgment in their favour, and under proceedings in regular form sold the defendant's interest in these lands at sheriff's sale for $140. The auditor appointed to make distribution of the fund paid into court, reported that the balance, $89.91, remaining after payment of the expenses, should be paid

to D. & D. A. Rupp, which report of the auditor was confirmed by the court.

The objection that the attachment execution did not lie in this case, is met by the express words of the Act of Assembly, and there is certainly no difficulty in carrying it out in the present instance, as the interest in land had been turned into money, and it becomes simply a mere appropriation of it to the discharge of this prior statutory lien.

The other objection, that all the precise forms prescribed by the Act of 13th June 1836, so far as they relate to foreign attachments, have not been followed in their exact detail, is answered by the fact that some are inapplicable, and that the present proceeding is in reality an execution upon an ascertained judgment, both of which are entered of record, the statute merely extending its operations to an additional subject-matter.

Decree affirmed, at costs of appellant.